UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-80709-RAR

**LEE MITCHELL JOHNSON**,

    Plaintiff,

v.

**DEPUTY WILLIAMS**, *et al.*,

    Defendant.
_____/

## ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION

**THIS CAUSE** comes before the Court upon Magistrate Judge Lisette M. Reid's Report and Recommendation [ECF No. 13] ("Report"), filed on August 26, 2020. The Report recommends the two excessive force claims should **PROCEED** against Deputy Williams and the failure to intervene claim should also **PROCEED** against Deputy Tyson. *See* Report at 7. The time for objections has passed, and there are no objections to the Report.

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. FED. R. CIV. P. 72(b)(3). However, when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings

after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

Because there are no objections to the Report, the Court did not conduct a *de novo* review. Rather, the Court reviewed the Report for clear error. Finding none, it is

**ORDERED AND ADJUDGED** as follows:

1. The Report [ECF No. 13] is **AFFIRMED AND ADOPTED**.

2. The two excessive force claims will **PROCEED** against Deputy Williams and the failure to intervene claim should also **PROCEED** against Deputy Tyson.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 16th day of November, 2020.

_____
RODOLFO A. RUIZ II
UNITED STATES DISTRICT JUDGE

cc: Counsel of record
Magistrate Judge Lisette M. Reid